**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA MARIA SANCHEZ and MARIA ELIZABETH SANCHEZ, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-72260 <br><br> Agency Nos.      A075-725-225 <br>                  A075-725-226 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 19, 2015[**]
Pasadena, California

Before: REINHARDT, FISHER, and MURGUIA, Circuit Judges.

Ana and Maria Sanchez petition for review of the BIA's denial of their applications for cancellation of removal. We grant the petition and remand for proceedings consistent with this disposition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

With respect to Maria, the BIA held that she was statutorily ineligible for cancellation of removal because her convictions for possession of drug paraphernalia under California Health and Safety Code section 11364(a) were categorically violations of a state law "relating to a controlled substance (as defined in section 802 of title 21)." 8 U.S.C. § 1227(a)(2)(B)(i). In *Mellouli v. Lynch*, No. 13-1034, 2015 WL 2464047, at *9 (U.S. June 1, 2015), the Supreme Court held that a conviction does not meet this standard unless there is "a direct link between an alien's crime of conviction and a particular federally controlled drug." Because the BIA did not consider whether there is a direct link between Maria's crimes and a particular federally controlled drug, we grant the petition and remand for reconsideration in light of *Mellouli*.

With respect to Ana, we grant the petition because she was not given notice of her briefing schedule. *Singh v. Ashcroft*, 362 F.3d 1164, 1168–69 (9th Cir. 2004). The BIA dismissed Ana's appeal because she failed to file a brief on her behalf, but her failure to file the brief was due to the fact that she was unaware of the deadline for submitting a brief. The BIA stated that "the original notice of the briefing schedule reflected that the briefs for the two respondents were due on the same day." The record, however, contradicts this assertion. The government argues that the BIA must be afforded a presumption of regularity, but such a presumption does not apply when its statements are belied by the record, as they

are here.  Accordingly, we remand to give Ana an opportunity to file a brief before the BIA and for consideration of the merits of her case in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014).[1]

The petition for review is GRANTED and REMANDED for further proceedings consistent with this disposition.

---

[1] The motion to remand Ana's petition is dismissed as moot.